IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 107-168 |
| | ) | |
| DARREN WAYNE ROUSE | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Darren Wayne Rouse ("Rouse") is before the Court charged with two counts of Dealing Firearms Without a License, one count of Possession of Stolen Firearms, one count of Distribution of Cocaine Base, and one count of Possession with Intent to Distribute Cocaine. (Doc. no. 16, Indictment). On January 7, 2008, defense counsel filed a "Motion to Determine Mental Competency of Defendant," (doc. no. 42), and on January 24, 2008, this Court ordered that Rouse be placed in a facility to be designated by the United States Bureau of Prisons to undergo a mental examination (doc. no. 46). Dr. Rodolfo A. Buigas served as the Forensic Exam Coordinator at the Federal Detention Center ("FDC") in Miami, Florida, who oversaw Rouse's evaluation, and he prepared an extensive forensic report providing specific details about all aspects of the forensic evaluation. Dr. Buigas submitted this report to the Court and to counsel. (Doc. no. 51, under seal). The Court scheduled a hearing for June 30, 2008, to determine Rouse's competency to stand trial.

When the June 30, 2008 hearing commenced, counsel for the government and for the defense jointly moved to enter Dr. Buigas's forensic report, as well as his curriculum vitae,

as exhibits and stipulated to the findings in the forensic report.[1] After nearly two months of of observation and evaluation of Rouse at the FDC, Dr. Buigas concluded in his forensic report that Rouse's "degree of trial competency is satisfactory, and it is recommended that Mr. Rouse be found [c]ompetent to [s]tand [t]rial." (Id. at 11). Dr. Buigas specifically opined that Rouse "appears to have no impairment that would prohibit an understanding of the legal process and ability to assist in his own defense if motivated to do so." (Id.).

The issue before the Court is one involving Rouse's competency to stand trial, even though the scope of the Court's examination order was much broader. Title 18 U.S.C. § 4241 provides the standard for determining competency and the consequences for a finding of competency. In pertinent part, the Code section provides:

> **(d) Determination and disposition.**--If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

18 U.S.C. § 4241(d). From the Code section, the United States Court of Appeals for the Eleventh Circuit has framed the competency inquiry thus: "The legal test for competency is whether the defendant ha[s] 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and whether he ha[s] 'a rational as well as

---

[1] At one point, defense counsel suggested that he may want to question Dr. Buigas concerning whether his findings would have been aided by seeking out certain medical records for Rouse from the Medical College of Georgia. The Court specifically offered counsel the choice of a full-blown evidentiary hearing in lieu of stipulating to the findings in the forensic report so that counsel could explore his questions with Dr. Buigas. Indeed, the government confirmed that Dr. Buigas was under subpoena and available to testify by telephone at the June 30th hearing. However, defense counsel opted not to proceed with the hearing and instead adhered to the decision to stipulate to the findings in Dr. Buigas's report.

factual understanding of the proceedings against him." United States v. Nickels, 324 F.3d 1250, 1252 (11th Cir. 2003) (*per curiam*) (citing United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir. 1986)). With this standard in mind, the Court turns its attention to the issue at hand.

Upon consideration, the Court **FINDS** by a preponderance of the evidence that Rouse has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and that he has a rational as well as factual understanding of the proceedings against him. As noted above, both counsel for the government and for the defense stipulated to the findings in Dr. Buigas's forensic report. Defendant did not present any witnesses, let alone any witnesses to contradict Dr. Buigas's findings that Rouse "appears to have no impairment that would prohibit an understanding of the legal process and ability to assist in his own defense if motivated to do so." (Doc. no. 51, p. 11). Accordingly, based on Dr. Buigas's expert opinion and the results of the psychiatric examination performed on Rouse, the Court **REPORTS** and **RECOMMENDS** that Rouse be found competent to stand trial pursuant to 18 U.S.C. § 4241.

SO REPORTED and RECOMMENDED this 2nd day of July, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

3